UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

KEVIN ANTHONY CHEAVES,

        Petitioner,

v.

CONNIE HORTON,

        Respondent.
_____/

Case No. 2:17-cv-109

Honorable Gordon J. Quist

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

### I.     Procedural history

Petitioner Kevin Anthony Cheaves is incarcerated with the Michigan Department of Corrections at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan.  Petitioner pleaded nolo contendere in the Wexford County Circuit Court to assault with intent to commit murder (AWIM), MCL 750.83, and assault with intent to do great bodily harm less than murder (AGBH), MCL 750.83.  On December 28, 2006, the court sentenced Petitioner to respective prison terms of 33 to 50 years for the AWIM, and 6 years 4 months to 10 years for the AGBH conviction.

Petitioner filed a delayed application for leave to appeal to the Michigan Court of Appeals on March 16, 2007, which was denied on April 23, 2007.  *See People v. Cheaves*, Michigan Court of Appeals No. 276808.  Petitioner then took no further action until September 14, 2015, when he filed a motion for relief from judgment in the Wexford County Circuit Court. (ECF No. 12-1, PageID.55.)  This motion was denied on November 13, 2015, and Petitioner's subsequent appeal was denied on July 1, 2016.  *See People v. Cheaves*, Michigan Court of Appeals No. 331974.  The Michigan Supreme Court denied leave to appeal on January 31, 2017.  *See People v. Cheaves*, Michigan Supreme Court No. 154309.

On June 21, 2017, Petitioner filed his habeas corpus petition.  Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court.  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  Petitioner signed his application on June 12, 2017.  (Pet., ECF No. 1, PageID.10.)  The petition was received by the Court on June 21, 2017.  For purposes of this Opinion, I have given Petitioner the benefit of the earliest possible

2

filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

Following the filing of Petitioner's habeas corpus petition, he filed a motion for stay and abeyance (ECF No. 3), which would allow him to exhaust his unexhausted claims in state court. The Court granted Petitioner's motion on December 29, 2017 (ECF No. 5).

Petitioner filed a second motion for relief from judgment in the Wexford County Circuit Court on January 18, 2018, which was denied on February 8, 2018. (ECF No. 12-1, PageID.55.) In the order denying Petitioner's second motion for relief from judgment, the Wexford County Circuit Court stated:

> In denying the prior motion for relief from judgment, this Court found that *People v. Lockridge*, 498 Mich 358; 879 NW2d 502 (2015) did not provide a basis for relief for two reasons: First, the *Lockridge* holding was not to be retroactively applied to this Defendant. Secondly, the factual bases underlining Defendant's sentence enhancement were a matter of stipulation, therefore, not judicially determined. Without additional factual allegations, Defendant's instant motion simply characterizes the trial court's sentencing as lacking subject matter jurisdiction. This argument is unpersuasive.
>
> The circuit court derives its authority to conduct felony trials, accept no contest pleas, and to impose sentence on constitutional and statutory provisions unaffected by the restrictions of *Lockridge*. Const. 1963 art 6 sec 13; MCL 769.9. Defendant's sentence did not contravene express legal authority existing at that time. A trial or sentencing error, even one later determined to have constitutional implication, does not by itself impute a lack of jurisdiction. See *People v. Price*, 23 Mich App 663; 179 NW2d 177 (1970). It plainly appears Defendant is not entitled to relief on this basis.

(ECF No. 12-1, PageID.56.)

Petitioner filed a delayed application for leave to appeal the denial of his second motion for relief from judgment in the Michigan Court of Appeals on June 4, 2018, which was

3

denied on October 10, 2018. *See People v. Cheaves*, Michigan Court of Appeals No. 344118. Petitioner's subsequent application for leave to appeal to the Michigan Supreme Court was denied on April 2, 2019. *See People v. Cheaves*, Michigan Supreme Court No. 158579.

Petitioner filed a motion to file an amended petition and to lift the stay on April 25, 2019 (ECF No. 8), which was granted on May 24, 2019 (ECF No. 10). The amended petition raises two grounds for relief, as follows:

1. Petitioner's Sixth Amendment Right to a sentence based on accurate information was violated when the trial court sentenced Petitioner to a term of years based on facts not admitted by him, or submitted to a jury.

2. Based on Petitioner's contention that the sentence is invalid and the judgment void in this matter, this Court must first determine the jurisdictional aspect of this claim before determining the procedural aspects of MCR 6.502.

(Pet., ECF No. 12, PageID.45-47.)

### II. Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As noted above, Petitioner filed a delayed application for leave to appeal to the Michigan Court of Appeals on March 16, 2007, which was denied on April 23, 2007. Petitioner did not file an appeal in the Michigan Supreme Court.

In his first claim for relief, Petitioner claims that when he was sentenced in 2006, the trial court used an "any evidence" standard to score each offense variable in determining Petitioner's minimum sentence. Petitioner states that the Michigan Supreme Court's decision in *People v. Lockridge*, 498 Mich 538 (2015), applies retroactively to Petitioner and, pursuant to § 2244(d)(1)(C), the limitation period for his first claim for relief should run from the date that *Lockridge* was decided.

In *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015), the Michigan Supreme Court held that, under *Alleyne v. United States,* 570 U.S. 99 (2013), the Michigan sentencing

guidelines scheme violates the Sixth Amendment, because the "guidelines *require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables [] that *mandatorily* increase the floor of the guidelines minimum sentence range." *Lockridge*, 870 N.W.2d at 506 (emphasis in original).  The Court's remedy for the unconstitutionality of the Michigan guidelines was to sever and strike the mandatory component of the guidelines and make the guidelines advisory only.  *Id.* at 520-21 (relying on *United States v. Booker*, 543 U.S. 220, 264-265 (2005) (holding that the remedy for the unconstitutionality of the mandatory federal sentencing guidelines was to sever only the mandatory component, still requiring courts to consider the guidelines, but making them advisory and subject to review for reasonableness)).

On August 24, 2018, the Sixth Circuit agreed with the *Lockridge* analysis. *Robinson v. Woods*, 901 F.3d 710 (6th Cir. 2018).  The *Robinson* court held that the Supreme Court's decision in *Alleyne* clearly established that Michigan's mandatory minimum sentencing scheme was unconstitutional.  *Robinson*, 901 F.3d at 714.  The court reasoned that, "[a]t bottom, Michigan's sentencing regime violated *Alleyne*'s prohibition on the use of judge-found facts to increase mandatory minimum sentences.  *Id.* at 716 (citing *Alleyne*, 570 U.S. at 111-12).

Application of *Alleyne*, however, does not alter the result in the instant case.  The Sixth Circuit has squarely held that *Alleyne* does not apply retroactively to cases on collateral review, noting that *Alleyne* did not announce "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2255(h)(2).  *In re Mazzio*, 756 F.3d 487, 491 (6th Cir. 2014).  As noted above, Petitioner's conviction and sentence became final in 2007, long before the Court's decision in *Alleyne*. Moreover, *Lockridge*, by its own terms, is inapplicable to Petitioner's sentence.  The Michigan

Supreme Court only made its holding in *Lockridge* applicable to cases still "pending on direct review." *Id.* at 523.

Even if the holdings in *Alleyne* and *Lockridge* were retroactive, Petitioner would not be entitled to resentencing on that basis. In the order denying Petitioner's second motion for relief from judgment, the Wexford County Circuit Court noted that the factual bases underlining Petitioner's sentence enhancement were a matter of stipulation, and were not judicially determined. Facts admitted by the Petitioner are an exception to the *Alleyne* rule. *United States v. Booker*, 543 U.S. 220, 232. Moreover, under the express terms of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and its progeny, the Sixth Amendment is implicated only by judicial findings of fact "[o]ther than the fact of a prior conviction . . . ." *Apprendi*, 530 U.S. at 490. Because there was no impermissible judicial factfinding at issue here, the Sixth Amendment is not implicated.

Because it is clear that neither the decision of the Michigan Supreme Court in *Lockridge*, nor the United States Supreme Court's decision in *Alleyne* apply to the facts of Petitioner's case, they could not serve to restart the statute of limitations on Petitioner's claim that his sentence violates the Sixth Amendment.

As noted above, Petitioner filed an application for leave to appeal his sentence to the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal on April 23, 2007. Petitioner did not seek leave to appeal to the Michigan Supreme Court. Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*") (emphasis added). However, such a petitioner is not entitled to also count the 90-day period during which he could

7

have filed a petition for certiorari to the United States Supreme Court. *See Gonzalez v. Thaler*, 565 U.S. 134, 152-53 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time for seeking that review expires). Under Michigan law, a party has 56 days in which to apply for leave to appeal to the Michigan Supreme Court. *See* Mich. Ct. R. 7.305(C)(2). Accordingly, Petitioner's conviction became final on Monday, June 18, 2007. Petitioner had one year from June 18, 2007, or until June 18, 2008, in which to file his habeas application. Petitioner filed the habeas corpus petition on June 12, 2017. Obviously, absent tolling, Petitioner filed more than one year after the time for direct review expired.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence v. Florida*, 549 U.S. 327, 335 (2007); *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 569 U.S. 383, 391-393 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399-400.

In the instant case, although Petitioner may baldly claim that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. Because Petitioner

9

has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### III. Certificate of appealability

Even though I have concluded that Petitioner's habeas petition should be denied, under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

I have concluded that Petitioner's application is untimely and, thus, barred by the statute of limitations. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

I find that reasonable jurists could not find it debatable whether Petitioner's application was timely. Therefore, I recommend that a certificate of appealability should be denied.

## **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied.

Dated: September 13, 2019                                /s/ Maarten Vermaat
                                                                           Maarten Vermaat
                                                                           United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).